UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Canisky Lafaze Horton, # 308801, ) | C/A No. 9:12-2668-CMC-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Warden, Kirkland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the court *pro se* by a state prison inmate. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro*

*se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). However, this Court is also charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254); *see also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Petitioner is currently incarcerated at Kirkland Correctional Institution, serving a thirty-five year sentence for criminal convictions entered against him following a trial before a jury in York County, South Carolina on April 20, 2005. (ECF No. 1, Pet. 1). In this § 2254 Petition, Petitioner contends that a jury instruction given at his trial violated his due process rights. *Id.* at 5. He asks this court to "retroactively apply Belcher to grant new trial," although he does not provide a legal citation to "Belcher". *Id.*[1]

---

[1] The Court assumes Petitioner is referring to *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), which held that "a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide."



2

Following initial review of the Petition, the issue of whether or not the Petition was filed too late under the applicable limitations period became evident from the face of the Petition because Petitioner stated that his direct appeal ended on October 31, 2007, but he did not file a post-conviction relief case until nearly three years later, on September 21, 2010. *Id.* Pet. 2-3. An Order was issued requiring, among other things, that Petitioner provide the Court with a written explanation of why he does not think that his Petition is untimely. (ECF No. 5). The Order stated, in pertinent part:

> Assuming that the dates provided in the Petition are correct, Petitioner's convictions became final on January 29, 2008, after the lapse of ninety days. *See, e.g. Harris v. Hutchinson,* 209 F.3d 325 (4th Cir.2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). By waiting until September 21, 2009 [correct year is 2010] to file a PCR application, it appears that Petitioner allowed the § 2244 one-year limitation period to run before he filed the Petition in this case.

*Id.*

Petitioner was also told:

> **This order is notice to Petitioner that the court is considering dismissal of his case based on the running of the one-year statute of limitations.** Unless the petitioner provides facts concerning the issue of timeliness of his Petition that would provide a basis for the application of equitable tolling and thereby prevent dismissal based on the limitations bar, this case will be dismissed.

*Id.*

The only response provided by Petitioner is, essentially, a lacking-in-detail repetition of his response to question 18 on the petition form: he thinks that "Belcher" needs to be retroactively applied to his habeas petition. (ECF No. 10). As in his Petition, he does not provide legal citations and he does not provide a date on which "Belcher" became effective, nor does he explain how "Belcher" applies to his case or why it should save his Petition from dismissal for untimeliness. In



3

short, although he was given more than sufficient time to respond to the issue, was given clear notice of the court's intent to summarily dismiss his Petition for untimeliness unless he provided a proper explanation, and, despite the fact that the Order pointed out the problems with his vague response to question 18 in the Petition, his letter simply does not respond to the questions raised in the Order. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); see also *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).

## DISCUSSION

Following the conclusion of his direct appeal on October 31, 2007, Petitioner's convictions became final on January 29, 2008, after the lapse of ninety days because he did not file a petition for writ of certiorari with the United States Supreme Court. *See, e.g. Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). The § 2254 one-year statute of limitations under 28 U.S.C. § 2244 began to run the next day, on January 30, 2008, and, unless tolled, ran until it expired on January 30, 2009. However, Petitioner's initial PCR application was not filed until nearly one year and nine months later, on September 21, 2010. (ECF No. 1, Pet. 3).

"The 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001). While the United States Supreme Court and the Fourth Circuit have held that the

4

AEDPA statute of limitations is subject to equitable tolling, both have also underscored the very limited circumstances where equitable tolling will be permitted. *Holland v. Florida*, ⎯⎯ U.S. ⎯⎯, ⎯⎯ ⎯ ⎯⎯, 130 S. Ct. 2549, 2562–63(2010); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc). The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences, particularly capital cases . . . and to further principles of comity, finality and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Therefore, unless Petitioner's response to the court's inquiry into his late filing satisfies the requirements for application of the doctrine of equitable tolling, the Petition filed in this case should be summarily dismissed as untimely.

To benefit from the doctrine of equitable tolling, Petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an " 'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time."). As stated above, when given the opportunity to do so, Petitioner offered no valid explanation in his habeas Petition to explain why it was untimely and why the statute of limitations should be equitably tolled. In his response to the initial Order in this case, he does no better. While Petitioner appears to think that "Belcher" excuses his late filing, he does not tell the Court why "Belcher" applies to his case to excuse his late filing. His vague responses to both question 18 on the petition form and to the initial Order issued in this case do not satisfy any of the three prongs required to be considered before equitable tolling may be applied in a habeas

5

corpus case. Further, assuming Petitioner is referring to *State v. Belcher*, referenced *supra*, the holding in that case was not retroactive, and therefore would not provide grounds for a review of Petitioner's conviction. *Cf. Byers v. Reynolds*, No. 11-20, 2012 WL 170192, at * 2 (D.S.C. Jan. 19, 2012).

Accordingly, the Petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to show that the limitations period should have been equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). Petitioner's habeas claims are barred by 28 U.S.C. § 2244(d)(1).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice as* being untimely filed.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 4, 2012
Charleston, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

