IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Canisky Lafaze Horton, ) | C/A No. 9:12-2668-CMC-BM |
| Petitioner, ) | |
| vs. ) | **OPINION and ORDER** |
| Warden, Kirkland Correctional Institution, ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On December 3, 2012, the Magistrate Judge issued a Report recommending that this petition be dismissed with prejudice as untimely filed. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on December 27, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Report. Accordingly, the Report is adopted and incorporated by reference in this Opinion and Order.

Petitioner argues in his objections that he filed a Post-Conviction Relief (PCR) action within a year of the South Carolina Supreme Court decision in *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009), and that because he "me[]t the filing procedures" of filing a PCR action, Obj. at 1, the § 2554 petition in this court is timely.[1] However, this contention is without merit. Petitioner has failed to establish either that his § 2254 petition is timely filed or that equitable tolling should apply to the filing of his petition. Accordingly, the petition is dismissed with prejudice as untimely filed and is dismissed without requiring Respondent to file an answer or return.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive

---

[1] The Supreme Court of South Carolina stated in that opinion that "today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved" and "will not apply to convictions challenged on post-conviction relief." *Belcher*, 685 S.E.2d at 810. Accordingly, *Belcher* would not have been applicable to Petitioner's case because his direct appeal was concluded when *Belcher* was decided. The determination of when a change in state law becomes effective is purely a state law issue. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 3, 2013